UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

KEVIN MICHAEL MAJESKI,
    Debtor.
_____/

Case No. 22-20947-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING TRUSTEE'S OBJECTION
TO PROPERTY CLAIMED AS EXEMPT

Introduction

Debtor, Kevin Majeski, claimed an exemption in his 2021 tax refund and Trustee Daniel Himmelspach objected to that exemption. Mr. Majeski responded to the Trustee's objection to his exemption and the Court heard arguments and accepted stipulated facts presented by the parties. For the reasons stated in this Opinion, the Court overrules the objection of the Trustee and allows the exemption as claimed by Mr. Majeski.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334, 157(a), and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

Findings of Fact

Mr. Majeski and Mr. Himmelspach generally agree as to the facts of this case and the Court accepted statements from both at the April 6, 2023 hearing. Mr. Majeski filed a Chapter 7 petition

1

with this Court on September 27, 2022, along with all of the necessary Schedules and Statement of Financial Affairs. In Schedule A/B, he disclosed a 2021 tax refund not yet received that was joint with his ex-spouse. He subsequently amended Schedule C to claim IRA penalty refund check proceeds in the amount of $3,113.00 citing MCL 600.5451(1)(k). Mr. Himmelspach objected to this exemption claiming that tax refunds are not exempt under Michigan law and specifically not under MCL 600.5451(1)(k). Mr. Himmelspach also objected that Mr. Majeski had elected exemptions allowed by the State of Michigan and was not able to claim any exemptions under federal law. In response, Mr. Majeski states: "The tax refund is retirement early withdrawal credit due to my permanent disability and a special circumstance is requested. I had no avenue to directly deposit the funds back to the IRA from the Treasury." As was developed at the April 6, 2023 hearing, Mr. Majeski was determined to be permanently disabled and needed to withdraw funds from his IRA. Since he was under the age of 59 ½, he could not make this withdrawal without paying a 10% withdrawal fee to the United States of America. This withdrawal fee was deducted automatically from his requested IRA withdrawal and subsequently paid by the IRA administrator to the United States of America. Subsequently, Mr. Majeski filed his 2021 tax return and was able to claim the early withdrawal penalty and ultimately received that refund after he filed his bankruptcy petition. Currently, Mr. Majeski has the remaining funds, $3,113, available to turn over to Mr. Himmelspach if this Court so orders him to do so.

At the April 6, 2023 hearing, both Mr. Himmelspach and Mr. Majeski were satisfied that the facts were undisputed so that this Court could render a decision. The Court heard arguments from both Mr. Himmelspach and Mr. Majeski and took this matter under advisement.

Applicable Law

M.C.L.A. 600.5451(1)(k) states:

> Sec. 5451. (1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1532, may exempt from property of the estate property that is exempt under federal law, or under 11 USC 522(b)(2), the following property:
>
> . . .
>
> (k) All individual retirement accounts, including Roth IRAs, or individual retirement annuities as defined in section 408 or 408a of the internal revenue code, 26 USC 408 and 408a, and the payments or distributions from those accounts or annuities. This exemption applies to the operation of the federal bankruptcy code as permitted by section 522(b)(2) of the bankruptcy code, 11 USC 522. This exemption does not apply to the amount contributed to an individual retirement account or individual retirement annuity within 120 days before the debtor files for bankruptcy. This exemption does not apply to any of the following:
>
> (*i*) The portion of an individual retirement account or individual retirement annuity that is subject to an order of a court pursuant to a judgment of divorce or separate maintenance.
>
> (*ii*) The portion of an individual retirement account or individual retirement annuity that is subject to an order of a court concerning child support.
>
> (*iii*) The portion of an individual retirement account or individual retirement annuity that is attributable to contributions to the individual retirement account or premiums on the individual retirement annuity, including the earnings or benefits from those contributions or premiums, that, in the tax year made or paid, exceeded the deductible amount allowed under section 408 of the internal revenue code, 26 USC 408. This limitation on contributions does not apply to a rollover of a pension, profit-sharing, stock bonus plan, or other plan that is qualified under section 401 of the internal revenue code, 26 USC 401, or an annuity contract under section 403(b) of the internal revenue code, 26 USC 403.
>
> (l) The right or interest of a person in a pension, profit-sharing, stock bonus, or other plan that is qualified under section 401 of the internal revenue code, 26 USC 401, or an annuity contract under section 403(b) of the internal revenue code, 26 USC 403, if the plan or annuity is subject to the employee retirement income security act of 1974, Public Law 93-406, 88 Stat. 829. This exemption does not apply to any amount contributed to a pension, profit-sharing, stock bonus, or other qualified plan or a 403(b) annuity if the contribution occurs within 120 days before the debtor files for bankruptcy. This exemption does not apply to the right or interest of a person in a pension, profit-sharing, stock bonus, or other qualified plan

or a 403(b) annuity to the extent that the right or interest is subject to either of the following:

(*i*) An order of a court pursuant to a judgment of divorce or separate maintenance.

(*ii*) An order of a court concerning child support.

Analysis

As a starting point, the Court is guided by the general principle that exemptions are to be construed liberally in favor of the debtor in keeping with the Bankruptcy Code's general policy of providing a fresh start to the honest, but unfortunate debtor. *Menninger v. Schramm (In re Schramm)*, 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010). Bankruptcy Rule 4003(c) states that the burden of proof is on the trustee to prove that the debtor's exemption is not properly claimed.

An individual Chapter 7 debtor may elect to take either exemptions allowed by federal law or applicable state law. In this case, Mr. Majeski selected Michigan exemptions which have been held to be constitutional. *Richardson v. Schafer (In re Schafer)*, 689 F.3d 601 (6th Cir. 2012). Accordingly, this Court looks to Michigan law to interpret and apply the exemptions claimed by Mr. Majeski.

The Court initially notes MCL 600.5415(1)(k) allows Mr. Majeski to exempt all individual retirement accounts and the payment or distribution from those accounts and annuities. He has done so for the remainder of his IRA, which is approximately $10,000 and Mr. Himmelspach does not object to that exemption. Mr. Himmelspach does object, however, to the tax refund as initially identified by Mr. Majeski. On its face, Mr. Himmelspach's objection appears well-founded in that the asset in question, the $3,113, is not in an IRA. Section 5451(1)(k), however, continues to include payments and distributions from those accounts or annuities. As described by Mr. Majeski,

4

the $3,113 was automatically withheld by the IRA administrator and paid to the United States of America. His only recourse was to claim a refund in his tax return and show that the amount withheld by the IRA administrator was improper because of Mr. Majeski's disability. Apparently, the Internal Revenue Service agreed with Mr. Majeski's analysis and refunded him the applicable $3,113 at issue in this case. Using this line of reasoning, Mr. Majeski argues that the $3,113 was part of the IRA and should therefore be exempt under Michigan law. He buttresses this argument by claiming that he was not able to redirect the $3,113 back to his IRA where it would have been exempt.

Generally, Michigan courts have allowed for the tracing of proceeds from an exempt status such that the debtor can claim that the asset retains its exempt status. *See Holley v. Redinger*, 164 Mich. 31 (1910). Applying these principles to this case and construing the exemption liberally in favor of Defendant, the Court can follow Mr. Majeski's logic and the tracing of the exempt funds from his IRA that were withheld by the IRA administrator to the United States of America and then back to Mr. Majeski in the form of an income tax refund. Accordingly, the Court concludes that the $3,113 at issue here is exempt and the objections to the exemptions claimed by Mr. Majeski are overruled.

**Not for Publication**

**Signed on May 11, 2023**



/s/ Daniel S. Opperman
_____
**Daniel S. Opperman**
**United States Bankruptcy Judge**